FILED '09 APR 08 15:07 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD EVERETT LEE GURULE,

        Plaintiff,        Civil No. 09-6013-TC

        v.        FINDINGS AND
                RECOMMENDATION

CITY OF ROSEBURG, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Fourteenth Amendment, "equal protection," an ill defined allegation of a violation of crime victims rights, and "discrimination." Although the nature of plaintiff's claims are less than crystal clear, some of the allegations arguably state a claim

1 - FINDINGS AND RECOMMENDATION

for pleading purposes. Some of the defendants have appeared and answered and a request for waiver of service has been sent to the presumed counsel other defendants.

However, for the reasons set forth below, plaintiff's allegations against the State of Oregon and Douglas County District Attorney Banta fail to state a claim and should be dismissed sua sponte.

As noted above, plaintiff's theory of liability as to the State of Oregon is not clear. However, whatever claims plaintiff may be attempting to allege against the state, the United States Supreme Court has repeatedly stated that a state or its officials and agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the states. See, eg., Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulphur Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th

2 - FINDINGS AND RECOMMENDATION

Cir. 1991)["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"].

In addition, a states waiver of sovereign immunity in its own courts does not waive its Eleventh Amendment immunity in federal courts. Edleman v. Jordan, supra. Therefore, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Accordingly, plaintiff's claims against the State of Oregon are barred by the Eleventh Amendment.

Plaintiff's claim against Douglas County District Attorney Banta is based defendant Banta's decision not to prosecute individuals that plaintiff claims assaulted him.

Prosecutors are absolutely immune from liability for their prosecutorial functions or performance of duties intimately associated with the judicial process. Burns v. Reed, 500 U.S. 478, 486 (quoting Imbler v. Pacthman, 424 U.S. 409, 431 (1976)); Freeman v. Hittle, 708 F.2d 443 (9th Cir. 1983); Gobel v. Maricopa County, 867 F.2d 1201 (9th Cir. 1989).

Thus, "(p)rosecutors are entitled to absolute immunity from liability for acts taken in initiating a prosecution and

3 - FINDINGS AND RECOMMENDATION

presenting a state's case." Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir. 1989). Absolute immunity extends to a prosecutor's decision *not* to prosecute as well. See, Roe v. City and County of San Francisco, 109 F.3d 578 (9th Cir. 1997).

In this case, all of plaintiff's allegations concerning defendant Banta have to do with his prosecutorial duties and conduct. Accordingly, defendant Banta is absolutely immune from liability to plaintiff.

Based on all of the foregoing, plaintiff's claims against the State of Oregon and Douglas County District Attorney Banta should be denied and these defendants should be dismissed with prejudice from plaintiff's action.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

4 - FINDINGS AND RECOMMENDATION

factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 8 day of April, 2009.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION