FILED'09 APR 10 16:45 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD EVERETT LEE GURULE,

        Plaintiff,           Civil No. 09-6013-TC

       v.                    ORDER

STATE OF OREGON, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Motion for appointment of counsel (#10):

    There is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood

1 - ORDER

v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved in this case are not of substantial complexity. I find that there are no exceptional circumstances that require a request for volunteer counsel under § 1915(d).

Based on the foregoing, plaintiff's Motion for appointment of counsel (#10) is denied.

Motion to dismiss (#10): On March 3, 2009, Defendants City of Roseburg, Douglas County Sheriff's Office and Detective Kaney filed a Rule 12(b) Motion to Dismiss (#11) on the ground that plaintiff did not file his claim within the statute of limitations.

On March 10, 2009, Attorney Robert Franz filed an Answer to plaintiff's Amended Complaint (#13).[1] The Answer was filed on behalf of defendants City of Roseburg, the City of Roseburg Police Department, and Kaney.

Accordingly, defendants' motion to dismiss (#11) is denied without prejudice.

Service of Process: There is nothing in the record to indicate that defendants have been served or that service was (formally) waived by defendants. As noted above, defendants City of Roseburg, the Roseburg Police and Kaney have appeared through counsel.

The Clerk of the Court is directed to send waiver of service packets to the Douglas County counsel . If defendants

---

[1] On March 20, 2009, a notice of substitute counsel was filed substituting Robert Franz as counsel for defendants City of Roseburg, Roseburg Police Department and Kaney.

3 - ORDER

Douglas County Sheriff's Office declines to waive service, plaintiff shall be notified and provided the necessary forms for service by the U.S. Marshal's Service.

The Clerk of the Court is directed to send waiver of service packets to: District Attorney Paul Meyer
Douglas County Courthouse - Rm 321
1036 Douglas Ave.
Roseburg, Oregon
97470

<u>Motion for Discovery and Disclosure (#8)</u>: Plaintiff's "motion for discovery and disclosure" is denied as premature and for failure to comply with the certification requirements regarding discovery. Plaintiff is referred to the Federal Rules of Civil Procedure, Rules 26 - 37.

DATED this 8r day of April, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - ORDER