IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD EVERETT LEE GURULE,

        Plaintiff,        Civil No. 09-6013-TC

        v.                     FINDINGS AND
                                  RECOMMENDATION
CITY OF ROSEBURG, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed an action under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out an incident on November 13, 2004, in which plaintiff was shot.

    Defendants City of Roseburg, Oregon, the Douglas County Sheriff's Office, the Douglas County Inter-Agency Narcotics Team, and Joseph Kaney move to dismiss on the ground that plaintiff's claims are barred by the statute of limitations and for failure to state a claim. Motion to Dismiss (#53).

1 - FINDINGS AND RECOMMENDATION

Plaintiff's complaint is 20 type written pages. But the essential allegations are as follows: Plaintiff alleges that he was shot by Justine Burch and Savannah Dial on November 13, 2004, and that while he was in the hospital, he reported the shooting to Officers Carpenter and Crouse of the Roseburg Police Department. Plaintiff further alleges that on November 17, 2004, he was informed by Detective Kaney of the Roseburg Police Department that Burch and Dial "were not being charged at that time and that it was turned over to the District Attorney's Office and would be up to them" as to whether Burch and Dial would be charged for shooting plaintiff. Plaintiff further alleges that defendants did not take any action against Burch and Dial.

The essence of plaintiff's claims against the moving defendants is that they did not take any action against Burch and Dial and merely referred the matter to the District Attorney.

Defendants move to dismiss on the ground that plaintiff's claims are barred by the statute of limitations.

Plaintiff alleges that he was informed by defendant Kaney that Burch and Dial were not being charged in connection with the shooting incident on November 17, 2004. Plaintiff filed this action on January 14, 2009.

I find that any claim plaintiff might have arising out of the moving defendants' conduct accrued at he was advised that the Roseburg Police Department was referring the matter to the

2 - FINDINGS AND RECOMMENDATION

Douglas County District Attorney, ie. November 17, 2004, and is barred by the two year statute of limitations.

Defendants further contend:

"Second, it does not violate a person's constitutional rights to refer a criminal matter to the district attorney.

Third, a person does not have a constitutional right to have another person arrested.

Finally, as a matter of law, the failure of the defendants to arrest Burch and Dial did not cause the plaintiff any damages. He had already been shot; and Burch and Dial did nothing to the plaintiff after the plaintiff was shot."

FRCP 12(b) Motion to Dismiss (#53), p. 3.

Defendants' unadorned argument is accurate and compelling.

Plaintiff objects to defendants' characterization of his claim "on a narrowed theory that plaintiff was shot and that the defendants then failed to take action on plaintiff's behalf." Plaintiff's Motion to Deny Defendants Motion to Dismiss (#56), p. 2. Plaintiff argues that he has "alleged many separate acts of ... discrimination by the named defendants within plaintiff's complaint that date back to the shooting incident of November 13, 2004, and up to as recent as October of 2008." Id. Plaintiff argues that the alleged acts of discrimination "would form a continuing tort cumulative effect of wrongful acts and behavior by the defendants and thus would not be time barred." Id.

Plaintiff's arguments are not supported by the allegations of his complaint. The general claim that

3 - FINDINGS AND RECOMMENDATION

defendants have discriminated against him and denied him equal protection because he is a criminal is not supported by any specific allegation of fact that would support a claim of discrimination.

Plaintiff apparently concedes defendants argument that a person does not have a constitutional right to have another person arrested and that it does not violate a person's constitutional rights to refer a matter to the district attorney. See, Plaintiff's Motion to Deny Defendants' Motion to Dismiss (#56), p. 2.

Plaintiff argues: "But a person does indeed have a constitutional right to be free from prejudices and discrimination because of that person's past to where the defendants show a complete deliberate indifference to any crime or act of violence caused against plaintiff causing plaintiff to be denied his Fourteenth Amendment Right to Equal Protection of the Law. Id.

However, general allegations of "prejudice" and "discrimination" are not actionable absent specific factual allegations to support such claims. The court's Order (#5) advised plaintiff of the deficiencies of his original complaint. Plaintiff's Third Amended Complaint (#52) fails to correct the deficiencies that led to the dismissal of his prior complaints. In short, plaintiff has failed to allege any facts that would support a claim for an alleged violations of his constitutional rights by any named defendant.

4 - FINDINGS AND RECOMMENDATION

Based on all of the foregoing, defendants' Motion to Dismiss (#53) should be allowed. Plaintiff's claims against defendants City of Roseburg, Oregon, the Douglas County Sheriff's Office, the Douglas County Inter-Agency Narcotics Team, and Det. Joseph Kaney should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 21 day of August, 2009.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION