FILED '09 DEC 18 11:58 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD EVERETT LEE GURULE,

    Plaintiff,

v.

CITY OF ROSEBURG, et al.,

    Defendants.

Civil No. 09-6013-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge.

    Plaintiff filed an action under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out defendants' alleged discrimination against him because he is a criminal.

    Defendants Moore, Knott, Crouse, Carpenter and Young now move to dismiss on the ground that plaintiff's claims are barred by the statute of limitations and for failure to state a claim. Motion to Dismiss (#65).

    Plaintiff alleges that he was shot by Justine Burch and Savannah Dial on November 13, 2004, and that while he was in the hospital, he reported the shooting to Officers Carpenter

1 - FINDINGS AND RECOMMENDATION

and Crouse of the Roseburg Police Department. Plaintiff further alleges that on November 17, 2004, he was informed by Detective Kaney of the Roseburg Police Department that Burch and Dial "were not being charged at that time and that it was turned over to the District Attorney's Office and would be up to them" as to whether Burch and Dial would be charged for shooting plaintiff. Plaintiff further alleges that defendants did not take any action against Burch and Dial.

The essence of plaintiff's claims I - V is that defendants did not take any action against Burch and Dial and merely referred the matter to the District Attorney.

Plaintiff alleges that he was informed by defendant Kaney that Burch and Dial were not being charged in connection with the shooting incident on November 17, 2004. Plaintiff filed this action on January 14, 2009.

I find that any claims plaintiff might have arising out of defendants' conduct with respect to the November 13, 2004 shooting incident accrued at the time he was advised that the Roseburg Police Department was referring the matter to the Douglas County District Attorney, ie. November 17, 2004, and are barred by the two year statute of limitations.

Moreover, as set forth in the court's Findings and Recommendation (#63) adopted by Judge Aiken's Order (#68) entered September 15, 2009, it does not violate a person's constitutional rights to refer a criminal matter to the district attorney and a person does not have a constitutional

2 - FINDINGS AND RECOMMENDATION

right to have another person arrested.[1]

Plaintiff's Claim VI alleges that defendants Knott and Crouse discriminated against him on February 12, 2007 and March 5, 2007.[2] However, the crux of plaintiff's Claim VI is that "[A] crime was committed against this plaintiff and again it was brushed aside and ignored, because of the discrimination of plaintiff's background and the defendants' prejudices against this plaintiff. Again plaintiff was a victim of a crime and againt (sic) the defendants deprived plaintiff of his equal protection under the laws and did discriminate against this plaintiff." Plaintiff's Third Amended Complaint (# 52) p. 14. For the reasons set forth above, this allegation fails to state a claim.

Plaintiff's Claim VII is based on an incident alleged to have occurred "on or about April 25, 2007" - within the limitations period. However, plaintiff's allegations in Claim VII concern the alleged actions of the Roseburg Police Department which has previously been dismissed as a defendant.

Plaintiff's claim VIII concerns an alleged incident "in mid/late June of 2007." Plaintiff's Third Amended Complaint (#52) p. 15. Plaintiff's allegation that defendant Carpenter "told this plaintiff that he did not care one way or the other if I killed myself or not" fails to state a claim cognizale

---

[1] Plaintiff apparently concedes this point. See, Plaintiff's Motion to Deny Defendants' Motion to Dismiss (#56), p. 2.

[2] Within the statute of limitations period.

3 - FINDINGS AND RECOMMENDATION

under 42 U.S.C. § 1983.

Plaintiff's Claim IX alleges matters within the limitations period and mentions defendant Crouse. However, once again the basis for plaintiff's claim appears to be that authorities failed to investigate and/or prosecute crimes against plaintiff.

Assuming the matters alleged in Claim X occurred within the two year statute of limitations period, plaintiff's Claim X does not allege any specific allegations of fact against any named defendant remaining in this action.

In Summary, I find that plaintiff's claims arising out of the November, 2004, shooting incident [claims I - V] are barred by the statute of limitations. Some of plaintiff's other claims concern defendants remaining in this action and allege matters within the limitations period. However, in each of those claims the defendant's alleged liability is premised on a theory that the defendant violated plaintiff's rights by failing to pursue criminal investigations against third persons. As discussed above, and in the court's previous Findings and Recommendation (#63) such allegations fail to state a claim cognizable under 42 U.S.C. §1983.

Based on all of the foregoing, defendants' Motion to Dismiss (#65) should be allowed and plaintiff's claims against defendants Moore, Knott, Crouse, Carpenter and Young should be dismissed with prejudice. Plaintiff's Motion to Compel Discovery (#74) should be denied as moot. This action should

4 - FINDINGS AND RECOMMENDATION

be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 18 day of December, 2009.

Thomas M. Coffin
United State Magistrate Judge